UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:13-cr-00009-MOC-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANNE HARVEY CRESWELL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a letter submitted by defendant, *pro se*, questioning why this court earlier denied a reduction in sentence based on Amendment 782 to the United States Sentencing Guidelines. Order (#467). While application of Amendment 782 did in fact result in a lower advisory guideline range for defendant, as it lowered defendant's offense level from 25 to 23, see Revised PSR (#447), she is unable to benefit from such reduction inasmuch as she is subject to a mandatory minimum sentence. Pursuant to USSG §5G1.1 (Sentencing on a Single Count of Conviction) and §5G1.2 (Sentencing on Multiple Counts of Conviction) the sentence imposed may not be less than the statutorily required minimum sentence. While this court sentenced defendant to 60 months (a sentence reduction of 30% from the bottom of defendant's original guideline of 84-105 months) based on a government sponsored motion, a similar reduction from the bottom of defendant's post-782 guideline (70-87 months) would result in a sentence of approximately 49 months. As the mandatory minimum sentence allowed is 60 months, the law does not permit this court to sentence below that mandatory minimum. As this court sentenced defendant to the lowest possible sentence, this court simply cannot afford her any relief.

Finally, defendant contends that "[t]he day I was sentenced, I heard both you and my attorney state that even though you lowered by level due to a downward departure for a 5K motion, I was still eligible for the 2 level reduction." Letter (#476 at 1). Defendant asks the court to review the transcripts of the sentencing hearing. <u>Id.</u> While no appeal was taken and thus no transcript produced of the sentencing hearing, the court ordered the rough transcript of the sentencing proceeding, which was provided to chambers by the official court reporter. The court has read that transcript from start-to-finish and no mention is made of Amendment 782. Even if someone had said defendant would be eligible for the two-level reduction, it would not have been a misstatement inasmuch as Amendment 782 did in fact lower defendant's advisory guideline range; however, Amendment 782 has no impact as this court already sentenced defendant to the lowest possible sentence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Letter (#476), to the extent it seeks relief from the court, is DENIED.

Signed: July 13, 2015

Max O. Cogburn Jr.
United States District Judge